ORIGINAL FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 1 2 2011

JAMES N. HATTEN, CLERK
By:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PENNY W. BROWN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | 1:11-CV-3107-JOF |
| | : | |
| BENNETT MOTOR EXPRESS, L.L.C., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiff, Penny W. Brown (hereinafter referred to as "Plaintiff") files this lawsuit against Defendant, Bennett Motor Express LLC (hereinafter referred to as "Defendant"), alleging as follows:

**JURISDICTION**

1. Jurisdiction over Plaintiff's federal claim is based upon Section 16 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA. Jurisdiction is proper under 29 U.S.C. §§ 1331 and 1337.

**VENUE**

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), because this is a District in which Plaintiff and Defendant reside, and this is the District in which a substantial part of the events or omissions giving rise to the claims occurred.

**PARTIES**

3. Plaintiff is a former employee of Bennett Truck Transport LLC who lives within the bounds of this Court.

4. Defendant is a limited liability corporation, incorporated in Georgia, located at 1001 Industrial Parkway, Ford Building, McDonough GA 30253. Defendant provides truck transport services in the State of Georgia and throughout the nation.

5. Defendant is a private employer engaged in interstate commerce.

6. Defendant is an "Employer" as defined under FLSA § 3(d) and 29 U.S.C. § 203(d).

**FACTS**

7. Plaintiff worked continuously for Defendant performing tasks at its office located in McDonough, Georgia from 1997 until she was discharged on June 23, 2011.

8. Plaintiff was first employed by Defendant in 1997. She was promoted to Credit and Collections Supervisor during 2001 and remained in that position until April, 28, 2008 when Defendant eliminated her position and transferred her to credit collection specialist, an hourly non-exempt position.

9. During 2008 through 2011, Plaintiff was compensated at a rate of approximately $20.00 per hour.

10.   Plaintiff was not paid any overtime for some 600 hours worked over forty (40) in a week during 2008 until her discharge in 2011.

11.   At no time from 2008 through her final employment in 2011 was Plaintiff an "exempt" employee under the FLSA.

12.   As a non-exempt employee, Plaintiff was entitled to time and one-half her hourly rate for all hours worked over forty (40) in one week.

13.   Defendant's continual refusal to compensate Plaintiff for her unpaid overtime is willful.

14.   Defendant possesses all records relating to Plaintiff's employment showing that it failed to pay her overtime.

15.   Defendant never engaged in any good faith effort to determine whether or not its employment practices in regards to Plaintiff's compensation for hours worked violated the FLSA.

16.   Defendant's violations of the FLSA were intentional, willful, and in conscious disregard for Plaintiff's rights under the law.

17.   Defendant knew or should have known that its refusal to pay overtime with regard to Plaintiff was in violation of the FLSA.

18.   Defendant continues to act in bad faith by refusing to pay Plaintiff the overtime pay to which she is entitled.

WHEREFORE, Plaintiff prays for relief as follows:

(1)   Trial by Jury;

(2) An Order declaring that Defendant is liable to Plaintiff for overtime wages pursuant to the FLSA;

(3) A Judgment against Defendant for damages, including compensatory and liquidated damages;

(4) An award of attorneys' fees;

(5) An award of all costs and litigation expenses;

(6) For pre-judgment interest; and

(7) For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ A. McArthur Irvin
A. McArthur Irvin
Georgia Bar No. 384300

IRVIN & KESSLER LLC
3500 Piedmont Road
Suite 750
Atlanta, GA  30305
404-237-1020
404-237-1047 (facsimile)
mac@isklaw.com
Attorneys for Plaintiff